IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STACEY SHROPSHIRE Individually and as
Administratrix of the Estate of RODNEY S.
SHROPSHIRE, Deceased,

        Plaintiff,

        v.

LANCE SHANEYFELT, SR., EURO
TRANS, INC. a/k/a EURO-TRANS, INC.,
GDA LLC,

        Defendants.

12cv1657
**ELECTRONICALLY FILED**

## MEMORANDUM ORDER RE. DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) OR IN THE ALTERNATIVE TO STRIKE PURSUANT TO FED. R. CIV. P. 12(F) (DOC. NO. 4)

This case centers on a fatal motor vehicle accident and is brought by the deceased husband's wife individually and on behalf of his estate. Doc. No. 1. This case was removed from Lawrence County. Id. Currently pending before this Court is a Motion to Dismiss or in the Alternative to Strike filed by Defendants Lance R. Shaneyfelt, Sr., Euro Trans, Inc., and GDA LLC. Doc. No. 4.

First, Defendants move to dismiss Counts VI-X (wrongful death claims) because punitive damages are not available for wrongful death claims. Doc. No. 5, 3. In the alternative, Defendants move this Court to strike the demands for punitive damages in Counts VI-X because they are not recoverable under Pennsylvania law. Id. In her response, Plaintiff consents to the Court striking all portions of the Complaint that seek punitive damages for wrongful death claims. Doc. No. 7, 6-7. Therefore, Defendants' Motion to Strike claims for punitive damages in Plaintiff's wrongful death claims is **GRANTED**.

Defendants also move this Court, pursuant to Fed. R. Civ. P. 12(f), to dismiss paragraphs 15 through 21 of Plaintiff's Complaint because they "are not probative of any fact as issue in this case, and are irrelevant to any element of Plaintiff's causes of action against the Defendants." Doc. No. 5, 6.  The Court does not agree.  A finder of fact could find the allegations set forth in paragraphs 15 through 21 to be probative of the determination whether the corporate Defendants are liable vicariously for negligently hiring, retaining, and supervising Defendant Shaneyfelt as well as whether there was negligent entrustment of the tractor trailer involved and/or negligent maintenance of the tractor-trailer.  These allegations cannot be said to be "redundant, immaterial, impertinent, or scandalous" therefore, Defendants Motion to Strike paragraphs 15 through 21 of Plaintiff's Complaint is **DENIED**.   Fed. R. Civ. P. 12(f).

SO ORDERED this 3rd day of December 2012,


s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:     All Registered ECF Counsel and Parties