IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STACEY SHROPSHIRE Individually and as
Administratrix of the Estate of RODNEY S.
SHROPSHIRE, Deceased,
                         12cv1657

        Plaintiff,                    **ELECTRONICALLY FILED**

         v.

LANCE SHANEYFELT, SR., EURO
TRANS, INC. a/k/a EURO-TRANS, INC.,
GDA LLC, STEVE KASZAS, TOTAL
QUALITY LOGISTICS, and VOYAGE
EXPRESS, INC.,

        Defendants.

**MEMORANDUM ORDER RE. DEFENDANT VOYAGE'S MOTION TO DISMISS
COUNT XI AND CLAIMS FOR PUNITIVE DAMAGES PURSUANT TO FED. R. CIV.
P. 12(B)(6) AND MOTION TO STRIKE PARAGRAPH 16 OF PLAINTIFF'S SECOND
AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(F)
(DOC. NO. 44)**

**I.    Introduction**

    This case centers on a fatal motor vehicle accident and is brought by the deceased

husband's wife individually and on behalf of his estate.  Doc. No. 1.  Plaintiff's Second

Amended Complaint contains eleven (11) causes of action against Defendants.  Doc. No. 32.

This case was removed from the Court of Common Pleas of Lawrence County, Pennsylvania.

Presently pending before the Court is a Motion to Dismiss re: Plaintiff's Second Amended

Complaint filed by Defendant Voyage Express Inc. ("Voyage").  Doc. No. 44.[1]

---

[1] The Court previously ruled on a Motion to Dismiss filed by Defendants Lance Shaneyfelt, Sr.,
Euro Trans, Inc, and GDA LLC and as a result granted their Motion to Strike Plaintiff's demand
for punitive damages in her wrongful death claims.  Doc. No. 9.  The Court denied Defendants'
Motion to Strike paragraphs 15-21 of Plaintiff's Complaint.  Id.  Since that time, Plaintiff filed
an Amended Complaint which added Defendant Steve Kaszas and, with leave of Court, filed a
Second Amended Complaint which added Defendants: Voyage Express, Inc. and Total Quality

In its Motion to Dismiss, Defendant Voyage moves the Court to: (1) dismiss Count XI, Plaintiff's claim for loss of consortium; (2) dismiss Plaintiff's claims for punitive damages in her wrongful death claims; (3) dismiss Plaintiff's claims for punitive damages in her remaining claims; and (4) strike paragraph 16 of Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. Pro. 12(f).  Doc. No. 44.

## II.     Standard of Review

### *Rule 12(b)(6)*

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading.  Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'"  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

---

Logistics ("TQL").  Doc. Nos. 23 and 32.  On April 18, 2013, the Court, via Text Order, granted Defendants' (Euro Trans, Inc., GDA LLC, Mr. Kaszas, and Mr. Shaneyfelt, Sr.) unopposed Motion to Dismiss Plaintiff's demand for punitive damages in connection with the wrongful death claims and Count XI, claim for loss of consortium.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

### III.    Discussion

*1.  Count XI: Plaintiff's Claim for Loss of Consortium*

Count XI of Plaintiff's Second Amended Complaint alleges that as a result of Decedent Rodney S. Shropshire's death "caused by Defendants' negligence," Plaintiff "has been and will be in the future deprived of the services, assistance, companionship, and consortium of her husband, and has suffered the loss of enjoyment of the ordinary pleasures of life, including

marital and family life." Doc. No. 32, ¶ 117.  Defendant contends that Count XI should be

dismissed, pursuant to Pennsylvania case law, because allowing a loss of consortium claim in

addition to an action brought on behalf of a deceased spouse under the wrongful death statute

would permit a double recovery for the same death.  *See Linebaugh v. Lehr*, 505 A.2d 303 (Pa.

Super. Ct. 1986).  Plaintiff consents to dismissal of Count XI- -loss of consortium, and therefore,

this claim will be dismissed.

2.  *Plaintiff's Claims for Punitive Damages in Wrongful Death Claims*

Plaintiff agrees with Defendant that Pennsylvania law does not recognize the right to

assert a claim for exemplary or punitive damages under the Wrongful Death Act, 42 Pa.C.S.A. §

8301 and therefore, consents to the dismissal of the claims for punitive damages in wrongful

death claims.

3.  *Plaintiff's Claim for Punitive Damages*

Defendant contends that the allegations in Plaintiff's Second Amended Complaint are

insufficient to support an award for punitive damages and thus such claims must be dismissed.

Doc. No. 45, 6-7.  Specifically, Defendant argues that the Complaint merely demonstrates a

claim for ordinary negligence.  Id. at 7.  This Court disagrees.

Both parties cite *Hutchison ex rel. Hutchinson v. Luddy*, 870 A.2d 722 (Pa. 2005) to

support their positions.  In that case, the Pennsylvania Supreme Court held that "punitive

damages may be awarded for conduct that is outrageous, because of the defendant's evil motive

or his reckless indifference to the rights of others."  *Id.* at 766.  Both parties additionally cite that

a plaintiff's claim for punitive damages must "establish that (1) a defendant had a subjective

appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed

to act, as the case may be, in conscious disregard of that risk."  *Id.* at 772.  Defendant contends

4

that Plaintiff did not establish that it had both a subjective appreciation of the risk at issue in this case and that it proceeded "in conscious disregard of that risk."  Doc. No. 45, 7.

The Court finds that Plaintiff's averments, including that Defendant has a history of repeated violations of drivers who exceed the lawful amount of driving times, support a finding that discovery could lead to sufficient evidence to entitle her to recover an award for punitive damages.  At this point, it would be premature to dismiss Plaintiff's claims for punitive damages. Allegations of a pattern of behavior that placed others at risk and which Defendant should have had a subjective appreciation of the risk of harm and that it failed to act in conscious disregard of the risk are sufficient to survive this Motion to Dismiss.

4. *Defendant's Motion to Strike Paragraph 16 Pursuant to Fed. R. Civ. Pro. 12(f)*

Defendant also moves this Court to strike paragraph 16 of Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f).

Paragraph 16 of Plaintiff's Second Amended Complaint reads as follows: "[u]pon information and belief, on or about February 7, 2012, the TRUCK was added to a policy of insurance issued to Defendant VOYAGE."  Doc. No. 32, ¶ 16.  Federal Rule of Civil Procedure 12(f) provides, in relevant part, that "the court may strike from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Defendant contends that paragraph 16 is "entirely irrelevant and inadmissible" in this matter because there is "no permissible reason to admit the fact that the tractor trailer was insured under the Voyage policy." Doc. No. 45, 7-8.  Defendant contends that the claims against it are related to the alleged control of the tractor trailer and the ownership of the truck involved in the accident and that Plaintiff has not asserted in the Second Amended Complaint that the insurance will be used to prove either of these contentions.  Id. at 8.

5

The Court believes that Defendant's addition of the truck to an insurance policy is not immaterial or impertinent and could be relevant to Plaintiff's claims against Defendant Voyage. Pursuant to Federal Rule of Evidence 411, insurance may be relevant to prove agency, ownership, or control of the vehicle in question.  As both sides concede, the claims against Defendant Voyage are premised on its alleged control and ownership of the vehicle involved. Therefore, Defendant's Motion to Strike paragraph 16 will be DENIED.

**IV.    Order**

AND NOW, this 1st day of May 2013, IT IS HEREBY ORDERED THAT:

1. Defendant's Motion to Dismiss (Doc. No. 44) is **GRANTED IN PART AND DENIED IN PART**;

2. Count XI-loss of consortium is **DISMISSED**;

3. Plaintiff's Claims for Punitive Damages in Wrongful Death Claims are **DISMISSED**;

4. Plaintiff's claim for punitive damages will **NOT BE DISMISSED**; and

5. Defendant's Motion to Strike paragraph 16 is **DENIED**.

<u>s/ Arthur J. Schwab</u>
Arthur J. Schwab
United States District Judge


cc:    All Registered ECF Counsel and Parties

6