IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACEY SHROPSHIRE Individually and as Administratrix of the Estate of RODNEY S. SHROPSHIRE, Deceased,<br><br>      Plaintiff,<br><br>      v.<br><br>LANCE SHANEYFELT, SR., EURO TRANS, INC. a/k/a EURO-TRANS, INC., GDA LLC, STEVE KASZAS, TQL, INC., a/k/a TOTAL QUALITY LOGISTICS, INC., a/k/a TOTAL QUALITY LOGISTICS, LLC, VOYAGE EXPRESS, INC., and ARTISANS AND TRUCKERS CASUALTY COMPANY (Intervenor Defendant),<br><br>      Defendants. | 12cv1657<br>**ELECTRONICALLY FILED** |

### MEMORANDUM OPINION RE: PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
### (DOC. NO. 138)

### I. Introduction

Presently before this Court is Plaintiff's Motion for Partial Summary Judgment. Doc. No. 138. This case centers on a fatal car accident that occurred in 2012. Rodney S. Shropshire ("Shropshire") died as a result of this accident. Doc. No. 32. As previously noted by the Court in its Memorandum Opinion re: Defendants' Motions for Summary Judgment, the parties dispute the chain of events that led to Shropshire's death. Doc. No. 128. Shropshire's widow ("Plaintiff") filed suit, in the Court of Common Pleas of Lawrence County, against various parties because of their alleged liability. Doc. No. 1-2. Defendants removed the case to this Court. Doc. No. 1. Jurisdiction is based upon diversity of citizenship.

In her Motion for Partial Summary Judgment, Plaintiff moves this Court to: (1) rule that she is entitled to summary judgment as to Count I: negligence against Defendant Shaneyfelt and (2) strike Defendants' affirmative defense of comparative negligence. Doc. Nos. 138 and 139. After careful consideration of Plaintiff's Motion, brief in support thereof, Defendants' Responses in Opposition, and the applicable Concise Statements of Material Facts and Appendixes, Plaintiff's Motion for Partial Summary Judgment (Doc. No. 138) will be DENIED.  Doc. Nos. 138-141, 144, 146-153.

## II. Material Facts

The following material facts related to the accident at issue are undisputed:

On February 14, 2012, an accident occurred in the right lane of eastbound I-376 in Pulaski Township, Pennsylvania between a 2007 Mack Granite truck, equipped with a snow plow and a salt spreader, owned by PennDOT and a 2007 Nissan Altima operated by Shropshire. Doc. No. 153, ¶ 1.  Shropshire's vehicle contacted the rear of the PennDOT truck.  Id. at ¶ 2.  As a result of the accident, Shropshire's vehicle was left unlit and disabled in the right lane of the highway.  Id. at ¶ 6.

Shortly after Shropshire's vehicle became disabled, it was struck from behind by a tractor trailer driven by Defendant Lance Shaneyfelt Sr..  Id. at ¶ 20.  The tractor trailer overrode the rear of Shropshire's vehicle and pushed both vehicles uphill seven-hundred ninety (790) feet before coming to a stop.  Id. at ¶ 48.  Trooper Walter J. Bell, Jr., the investigating offer testified that Defendant Shaneyfelt did not take any evasive action, either braking or steering, to avoid striking the rear of Shropshire's vehicle.  Id. at ¶ 49.

**III. Standard of Review**

Summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, (1986). "Facts that could alter the outcome are material facts." *Charlton v. Paramus Bd. of Educ.*, 25 F.3d 194, 197 (3d Cir. 1994). Disputes must be both (1) material, meaning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.

A party moving for summary judgment has the initial burden of supporting its assertion that the fact(s) cannot be genuinely disputed by citing to particular parts of materials in the record – *i.e.*, depositions, documents, affidavits, stipulations, or other materials – or by showing that: (1) the materials cited by the non-moving party do not establish the presence of a genuine dispute, or (2) that the non-moving party cannot produce admissible evidence to support its fact(s). Fed.R.Civ.P. 56(c)(1).

Conversely, in order to defeat a motion for summary judgment, the non-moving party must support its assertion that the fact(s) are genuinely disputed by citing to particular parts of materials in the record, or by showing that: (1) the materials cited by the moving party do not establish the absence of a genuine dispute, or (2) the moving party cannot produce admissible evidence to support its fact(s). Id.

In reviewing a motion for summary judgment, the Court "does not make credibility determinations and must view facts and inferences in the light most favorable to the party

opposing the motion." *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1127 (3d Cir. 1995).

IV. **Discussion**

    A. **Count I: Negligence against Defendant Shaneyfelt**

Plaintiff moves this Court to find that Defendant Shaneyfelt was negligent *per se* and rule that she is entitled to summary judgment on Count I: Negligence. Doc. No. 139, 2-8.

Plaintiff argues that Defendant Shaneyfelt should be found negligent *per se* because he violated the "assured clear distance statute" which provides, in pertinent part, that:

> No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead.

73 Pa.C.S. § 3361.

Plaintiff contends that it is undisputed that Defendant Shaneyfelt was not operating the tractor trailer within the assured clear distance because he failed to drive at a speed that would have allowed him to stop within the distance that he could see ahead. Doc. No. 139, 7. Specifically, Plaintiff argues that if Defendant Shaneyfelt had been driving 30mph or less he would have been able to stop within his seeing distance, 150 feet, and the fatal accident would have been avoided. Id. at 8.

However, Plaintiff's Motion must be denied because there are genuine issues of material fact in dispute relevant to whether Defendant Shaneyfelt was driving negligently prior to the accident. Specifically: (1) the weather conditions in which Defendant Shaneyfelt was driving are disputed; (2) there is a dispute as to the speed Defendant Shaneyfelt was driving; (3) it is unclear if Defendant Shaneyfelt saw Plaintiff's disabled vehicle prior to the accident; (4) because the

speed Defendant Shaneyfelt was driving is disputed, the distance he would have been able to see in front of his vehicle is disputed; and (5) it is disputed whether Defendant Shaneyfelt should have been able to see Shropshire's unilluminated vehicle before his tractor trailer hit the vehicle. It is also disputed whether Defendant Shaneyfelt could have taken evasive action to avoid the accident.

Opinion evidence cited by Plaintiff does not support her Motion for Partial Summary Judgment. Plaintiff cites to the opinions of Walter A. Guntharp, Jr. of Guntharp & Associates and Steven M. Schorr, PE of DJS Associates to support her contention that Defendant Shaneyfelt should be found negligent *per se*. These individuals have offered their opinions that Defendant Shaneyfelt was driving too fast and operating his tractor trailer in an unsafe manner. Doc. Nos. 114, 115, and 139, pg. 7. However, these expert opinions are not undisputed facts, but rather, expert opinions that the fact-finder is free to accept or reject in light of the evidence presented. See United States Court of Appeals for the Third Circuit Model Civil Jury Instruction 2.11 ("The opinion of [name of witness] should receive whatever weight and credit, if any, you think appropriate, given all the other evidence in the case.").

The essence of this case is the series of accidents involving a PennDOT truck, Shropshire, and Defendant Shaneyfelt. As the Court has noted, the parties dispute the chain of events that led to Shropshire's death. Doc. No. 128, 1. This continues to be the case. A jury, as the ultimate fact finders in this case, must determine the sequence of events that is supported by the evidence and render its verdict accordingly.

Therefore, Plaintiffs' Partial Motion for Summary Judgment (Doc. No. 146) as to Count I: Negligence against Defendant Shaneyfelt will be DENIED.

### B. Defendants' Affirmative Defense of Comparative Negligence

Plaintiff also moves for summary judgment on Defendants' affirmative defense of comparative negligence. Doc. No. 138. Plaintiff contends that summary judgment must be granted in her favor because "Defendants have failed to offer any evidence to establish that [Shropshire] was negligent in causing the first accident" or that any part of the first accident caused any of his injuries or death. Doc. No. 139, 8.

The parties each cite numerous cases to support their respective positions. However, these need not be addressed because, as with the accident between Shropshire and Defendant Shaneyfelt, there are genuine issues of material fact in dispute as to the accident between Shropshire and a PennDOT vehicle which necessitates that Plaintiff's Motion be denied. Both sides of this case dispute whether Shropshire was negligent for colliding with the PennDOT truck and whether this first accident contributed to, and to what extent, the second accident between Shropshire and Defendant Shaneyfelt. ex. ("[Dr. Bragg] simply doesn't know one way or the other whether [Shropshire] simply failed to observe the truck, failed to observe the truck and react, or some other plausible explanation.") Doc. No. 139, 12. Each side has presented evidence to support its respective position. The Court will not parse through evidence at this stage and determine which version of events is supported by the evidence. There are genuine issues of material fact which must be determined by the jury.

Plaintiff also contends that the defense of comparative negligence is not supported because Defendants cannot establish that Shropshire's death was actually or proximately caused by the first accident, any alleged negligence associated with the first accident. Doc. No. 139, 14. As previously noted, the parties dispute not only the sequence of events of both car accidents, but which accident or accidents lead to Shropshire's death. At this stage, both sides of the dispute

have presented evidence to support their version of events and the cause of Shropshire's death, including reports by Dr. Karl Williams and Dr. Kirk L. Thibault.  Doc. Nos. 117 and 133.  Although the parties assail evidence presented by their opponent(s), the Court will not make any credibility determinations as to these potential witnesses or as to the sequence of events or the cause of Shropshire's death.  Therefore, Plaintiff's Motion for Partial Summary Judgment (Doc. No. 138) as to Defendants' affirmative defense of comparative negligence will be DENIED.

## V. Conclusion

A reasonable jury could render a reasonable verdict for either side for both Count I: negligence and Defendants' affirmative defense of comparative negligence.  Therefore, Plaintiff's Motion for Partial Summary Judgment (Doc. No. 138) will be DENIED.


                                        s/ Arthur J. Schwab  
                                        Arthur J. Schwab  
                                        United States District Judge


cc:    All Registered ECF Counsel and Parties