IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STACEY SHROPSHIRE Individually and as
Administratrix of the Estate of RODNEY S.
SHROPSHIRE, Deceased,

        Plaintiff,

v.

LANCE SHANEYFELT, SR., EURO
TRANS, INC. a/k/a EURO-TRANS, INC.,
GDA LLC, STEVE KASZAS, TQL, INC.,
a/k/a TOTAL QUALITY LOGISTICS, INC.,
a/k/a TOTAL QUALITY LOGISTICS, LLC,
VOYAGE EXPRESS, INC., and ARTISANS
AND TRUCKERS CASUALTY COMPANY
(Intervenor Defendant),

        Defendants.

12cv1657
**ELECTRONICALLY FILED**

## ORDER OF COURT RE: PARTIES' MOTIONS IN LIMINE
## (DOC. NOS. 167, 169, 171, 174, 177, 180, 183, 186, 189, 192, 194, 197, 199)

Presently before the Court are thirteen (13) Motions in Limine filed by the parties. Doc. Nos. 167, 169, 171, 174, 177, 180, 183, 186, 189, 192, 194, 197, 199. After careful consideration of the Motions in Limine, briefs in support thereof (Doc. Nos. 168, 170, 172, 175, 179, 182, 185, 188, 191, 202, 196, 198, 201), and briefs in opposition thereto (Doc. Nos. 209-225), the following Order is entered:

AND NOW, this 10th day of September 2013, IT IS HEREBY ORDERED THAT:

1. Defendants' Motion in Limine to Preclude Plaintiff from Offering an Animated "Recreation" (Doc. No. 167) is **DENIED**.[1] Plaintiff is permitted to introduce the

---

[1] Several Motions in Limine were filed by Defendant Voyage Express and later joined via Motions for Joinder by the remaining Defendants. Doc. Nos. 167, 169, 171, 204. Voyage Express joined the Motion in Limine filed by Defendants Euro Trans, Inc., GDA LLC, Steve

animated recreation of the accident. Defendants' arguments re. the lighting conditions depicted in the recreation and Shropshire's positioning in the car may be appropriately raised on cross-examination.

2. Defendants' Motion in Limine to Exclude the Testimony of Jacob Vatavuk (Doc. No. 169) is **DENIED**. Testimony by Jacob Vatavuk is an admissible exception to the hearsay rule pursuant to Federal Rule of Evidence 801(d)(2)(d) as an admission of a party opponent. Although Defendants contend that Vatavuk was unable to describe Shaneyfelt or identify him by name, Vatavuk testified, during his deposition, that the speaker told him that he was the driver of the tractor trailer involved in the accident. Doc. No. 170-1, ¶ 27. The conversation between Vatavuk and the driver took place in the yard when the driver returned to retrieve his possessions out of the tractor trailer's cab. The driver's alleged statements concerned the scope of his agency, *i.e.* his driving at the time of the accident. Therefore, unlike case law cited by Defendants, the identity of the truck driver is not unknown. Although Vatavuk was unable to describe Shaneyfelt or provide his name during his deposition, the driver's statements will be permitted at trial because Vatavuk may be able to identify the driver as Shaneyfelt at trial. Defendants will be permitted to assail Vatavuk's testimony on cross-examination.

3. Defendants' Motion in Limine to Exclude the Testimony of Walter Guntharp (Doc. No. 171) is **GRANTED IN PART AND DENIED IN PART**. Guntharp is permitted to testify as an expert pursuant to Federal Rule of Evidence 702. He may also testify as to his conclusion that Shaneyfelt should have been able to see Shropshire's vehicle and

---

Kaszas, Shaneyfelt, and TQL. Doc. Nos. 174 and 205. Therefore, all Motions in Limine filed by any Defendant will be referred to as "Defendants' Motion" and refer to all Defendants.

should have avoided the collision. Guntharp will not be permitted to support this conclusion with his personal observation that license plates are reflective and Shaneyfelt should have seen the license plate because this observation is solely based upon his individual observations and common knowledge.

4. Defendants' Motion in Limine to Exclude Evidence of Shaneyfelt's Prior Accident and Citation (Doc. No. 174) is **GRANTED**. Evidence that Shaneyfelt was involved in a prior accident and admittedly falsified his driving log books is not admissible during the liability phase of trial because it is not relevant and such evidence will not be admissible pursuant to Federal Rules of Evidence 608(b) or 609 to attack Shaneyfelt's credibility because of the risk of confusion of the issues and danger of unfair prejudice. A limiting instruction would not sufficiently cure the prejudice that would result.

5. Plaintiff's Motion in Limine #1 (Shaneyfelt's Driving Logs and Records) (Doc. No. 177) is **DENIED**. The Court encourages counsel for all parties to work together in regards to documents that have been exchanged. Plaintiff has not demonstrated evidence of Defendants' bad faith in this respect; thus, the jury will not be instructed on spoliation. Shaneyfelt's driving records are relevant to issues in this case, *i.e.* negligent hiring and must be turned over if they are within any Defendant's possession, custody, or control.

6. Plaintiff's Motion in Limine #2 (Dash Cam) (Doc. No. 180) is **DENIED**. It is undisputed that the parties attempted to retrieve information from the dash camera. There is no evidence of bad faith on the part of any Defendant.

7. Plaintiff's Motion in Limine #3 (Cell Phone Pictures and Texts) (Doc. No. 183) is **DENIED**. There is no evidence of bad faith on the part of any Defendant, especially

because Shaneyfelt's cell phone was exchanged with his service provider prior to any litigation between the parties in any Court.

8. Plaintiff's Motion in Limine #4 (Preclude Expert Testimony of Officer Bell) (Doc. No.186) is **GRANTED IN PART AND DENIED IN PART**.  Both sides have indicated a desire to call Trooper Bell, who was the investigating Pennsylvania State Trooper, as a trial witness.  Plaintiff seeks to exclude Trooper Bell's testimony in general and specifically bar him from testifying as to his conclusion that Shropshire was at fault for the accident.  Trooper Bell's testimony as to the condition of the road, weather, lighting, and the vehicles that were involved in the collision etc. will be permitted at trial because such testimony will be based upon his personal observations.  Plaintiff has also indicated that she would call Trooper Bell to testify as to the conditions of the accidents.  According to Trooper Bell, the result of his investigation was that no charges would be filed against Defendant Shropshire because he determined that Shropshire was at fault for the accident.  This conclusion goes to an ultimate issue in this case, whether Shropshire was contributorily negligent.  Both parties have expert witnesses who will testify as to this issue and will present factual testimony to support their positions.  Trooper Bell will be permitted to testify as to his personal observations at the accident scene etc., but may not testify that he believed that Shropshire was at fault for the accident.

9. Plaintiff's Motion in Limine #5 (Preclude Expert Testimony of Officer Brandt) (Doc. No. 189) is **GRANTED**.  Corporal Brandt has been identified by both sides as either a will call or may call witness.  Plaintiff seeks to exclude Corporal Brandt's conclusion that Shropshire was at fault for the accident.  Similarly to Trooper Bell, Corporal Brandt may

testify as to his investigation of the accident, but may not testify that he believed that Shropshire was at fault for the accident.

10. Plaintiff's Motion in Limine #6 (to Exclude Portions of Expert Report/Testimony of Richard A. Bragg) (Doc. No. 192) is **DENIED**. Bragg's conclusions are not speculative, but rather, supported by the evidence or lack of evidence. The conclusions are also likely to be helpful to the jury in its determination of the issues before them, and he will be subject to cross-examination.

11. Plaintiff's Motion in Limine #7 (Exclude Report/Testimony of Mark Lee Edwards) (Doc. No. 194) is **DENIED**. Whether Defendant Shaneyfelt should have seen Shropshire's vehicle before impact, and ultimately his alleged negligence, are key issues that must be determined by the jury. Edwards' opinion is relevant to these determinations and its probative value is not substantially outweighed by the risk of unfair prejudice, confusion of the issues, or misleading the jury. Edwards will be subject to cross-examination.

12. Plaintiff's Motion in Limine #8 (Exclude Report/Testimony of Kirk L. Thibault) (Doc. No. 197) is **DENIED**. Thibault's testimony is relevant to whether Shropshire's death was caused by the accident with Shaneyfelt, and his conclusion that it is not possible to determine this issue supports Defendants' contention that Plaintiff is unable to meet her burden of proving that Shropshire died as a result of the second accident.

13. Plaintiff's Motion in Limine #9 (Dismiss Affirmative Defense of Comparative Negligence) (Doc. No. 199) is **DENIED**. The Court previously rejected this argument in its Opinion re. Parties' Motions for Summary Judgment. Doc. No. 155. Despite Plaintiff's contention that Defendant admitted that "there is no evidence to explain why [Shropshire] struck the back of a lighted and moving PennDOT vehicle," this is not fatal

to the affirmative defense of comparative negligence. Defendants have offered evidence that Shropshire struck the rear of a PennDOT vehicle. The facts presented permit a reasonable jury to find that Shropshire was negligent.

The trial set to begin on October 28, 2013, will proceed in accordance with these rulings.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: All Registered ECF Counsel and Parties