IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STACEY L. SHROPSHIRE, Individually and as Administratrix of the Estate of RODNEY S. SHROPSHIRE, Deceased, | : : : : | CIVIL DIVISION |
| Plaintiffs, | : : | No.:2:12-cv-01657 |
| vs. | : : | |
| LANCE R. SHANEYFELT, SR., EURO TRANS, INC. a/k/a EURO-TRANS, INC., | : : | **OBJECTIONS DUE 10/17/13 BY 4:00PM** |
| GDA LLC, STEVE KASZAS, TQL INC. a/k/a TOTAL QUALITY LOGISTICS a/k/a TOTAL QUALITY LOGISTICS, INC. a/k/a TOTAL QUALITY LOGISTICS, LLC, and VOYAGE EXPRESS INC. | : : : : : | |
| Defendants. | : : | |

## **VERDICT FORM: PHASE III**

You must decide what amount of money damages you believe will fairly and adequately compensate Plaintiff for all of the damages sustained as a result of the February 14, 2012 accident.

When a person dies, the damages they would have been entitled to go to their estate or survivors. The estate and survivors are just as entitled to these damages as the deceased person would have been had he survived.

The plaintiff, as the administratrix of the estate of the decedent, claims damages under the Wrongful Death Act and the Survival Act. She is entitled to make claim under both acts, but the damages must not overlap or duplicate themselves.

1. Itemize the amount of Wrongful Death Damages, if any, sustained by the Estate of Rodney S. Shropshire as a result of this accident, without regard to and without reduction by the percentage that you have attributed to Plaintiff's decedent, Rodney Shropshire. If your assessment for any category is $0, please indicate as such, do not leave any lines blank.

(a) Hospital, medical, funeral, burial, and estate administration expenses; $_____

(b) Rodney Shropshire's wife and children for their loss of any contributions decedent would have spent for or given to his family for such items as shelter, food, clothing, medical care, education, entertainment, gifts, and recreation; $_____

(c) The monetary value of the services, society, and comfort that he would have given to his family had he lived, including such elements as work around the home, provision of physical comforts and services, and provision of society and comfort; $_____

(d) Loss of the services that the decedent as a father would have contributed to his children for such services as guidance, tutelage, and moral upbringing that you believe the children would have received, up to the time you believe such services would have been provided, had the death not occurred. $_____

**Total of 1(a)-1(d)** $_____

**Regardless how you answered Question 1, continue on to answer Question 2.**

2. Itemize the amount of Survival Damages, if any, sustained by the Estate of Rodney S. Shropshire as a result of this accident, without regard to and without reduction by the percentage that you have attributed to Plaintiff's decedent, Rodney Shropshire.

(a) Total net amount that the decedent would have earned between the date of his death and today;    $_____

(b) Total net amount that the decedent would have earned between today and the end of his life expectancy;    $_____

(c) The mental and physical pain, suffering, and inconvenience and loss of life's pleasures that the decedent endured from the moment of his injury to the moment of his death;    $_____

(d) Loss of the services that the decedent as a father would have contributed to his children for such services as guidance, tutelage, and moral upbringing that you believe the children would have received, up to the time you believe such services would have been provided, had the death not occurred.    $_____

           **Total of 2(a)-2(d)**    $_____

**Regardless how you answered Question 2, continue on to answer Question 3.**

3. (a) Do you find that Defendant Shaneyfelt engaged in conduct which entitles the Plaintiff to an award of punitive damages?

    YES _____          NO _____

    If you answered "YES," continue to 3(b). If you answered "NO," continue to Question 4.

    (b) Set forth the amount of punitive damages as to Defendant Shaneyfelt:

                                                                    $_____

    **Continue to Question 4.**

4. (a) Do you find that Defendant Euro Trans, Inc. engaged in conduct which entitles the Plaintiff to an award of punitive damages?

    YES _____          NO _____

    If you answered "YES," continue to 4(b)-(d). If you answered "NO," continue to Question 5.

    (b) Set forth the amount of punitive damages as to Defendant EuroTrans for the hiring, retention, supervision, and training of Defendant Shaneyfelt:

                                                                    $_____

    (c) Set forth the amount of punitive damages as to Defendant Euro Trans, Inc. for the entrustment of the tractor-trailer to Defendant Shaneyfelt:

                                                                    $_____

(d) Set forth the amount of punitive damages as to Defendant Euro Trans, Inc. for maintenance of the tractor-trailer:

$_____

**Continue to Question 5.**

5. (a) Do you find that Defendant Voyage Express, Inc. engaged in conduct which entitles the Plaintiff to an award of punitive damages?

YES _____     NO _____

If you answered "YES," continue to 5(b)-(d). If you answered "NO," continue to Question 6.

(b) Set forth the amount of punitive damages as to Defendant Voyage Express, Inc. for the hiring, retention, supervision, and training of Defendant Shaneyfelt:

$_____

(c) Set forth the amount of punitive damages as to Defendant Voyage Express, Inc. for the entrustment of the tractor-trailer to Defendant Shaneyfelt:

$_____

(d) Set forth the amount of punitive damages as to Defendant Voyage Express, Inc. for maintenance of the tractor-trailer:

$_____

**Continue to Question 6.**

5

6. (a) Do you find that Defendant Steve Kaszas engaged in conduct which entitles the Plaintiff to an award of punitive damages?

   YES _____          NO _____

   If you answered "YES," continue to 6(b)-(d). If you answered "NO," continue to Question 7.

   (b) Set forth the amount of punitive Damages as to Defendant Steve Kaszas, for the hiring, retention, supervision, and training of Defendant Shaneyfelt:

   $_____

   (c) Set forth the amount of Punitive Damages as to Defendant Steve Kaszas for the entrustment of the tractor-trailer to Defendant Shaneyfelt:

   $_____

   (d) Set forth the amount of Punitive Damages as to Defendant Steve Kaszas for maintenance of the tractor-trailer:

   $_____

   **Continue to Question 7.**

7. (a) Do you find that Defendant TQL engaged in conduct which entitles the Plaintiff to an award of punitive damages?

   YES _____          NO _____

   If you answered "YES," continue to 7(a)-(b). If you answered "NO," continue to Question 8.

(b) Set forth the amount of Punitive Damages as to Defendant TQL for the hiring, retention, and supervision of Defendant Euro Trans, Inc.:

$_____

**Continue to Question 8.**

8. (a) Do you find that Defendant GDA LLC engaged in conduct which entitles the Plaintiff to an award of punitive damages?

YES _____     NO _____

If you answered "YES," continue to 8(b). If you answered "NO," you have reached the end of your Verdict Form. Please sign and date the Form below and notify the Bailiff that you have reached a verdict.

(b) Set forth the amount of punitive damages as to Defendant GDA, LLC for the maintenance of the tractor-trailer:

$_____

You have reached the end of your Verdict Form. Please sign and date the Form below and notify the Bailiff that you have reached a verdict.

Unanimously agreed to this _____ day of _____, 2013.

_____, Foreperson     _____

_____     _____

_____     _____