IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STACEY L. SHROPSHIRE, Individually | : | CIVIL DIVISION |
| and as Administratrix of the Estate | : | |
| of RODNEY S. SHROPSHIRE, Deceased, | : | |
| | : | |
| Plaintiffs, | : | No.:2:12-cv-01657 |
| | : | |
| vs. | : | |
| | : | |
| LANCE R. SHANEYFELT, SR., EURO | : | |
| TRANS, INC. a/k/a EURO-TRANS, INC., | : | |
| GDA LLC, STEVE KASZAS, TQL INC. | : | |
| a/k/a TOTAL QUALITY LOGISTICS a/k/a | : | |
| TOTAL QUALITY LOGISTICS, INC. a/k/a | : | |
| TOTAL QUALITY LOGISTICS, LLC, | : | |
| and VOYAGE EXPRESS INC. | : | |
| | : | |
| Defendants. | : | |

# FINAL JURY INSTRUCTIONS: PHASE III

## INTRODUCTION

I HAVE PREVIOUSLY INSTRUCTED YOU IN THE FINAL

JURY INSTRUCTIONS FOR PHASE I AS TO THE GENERAL

PRINCIPLES THAT SHOULD GUIDE YOUR DELIBERATIONS,

I.E. WHAT IS EVIDENCE, HOW TO WEIGH WITNESS

CREDIBILITY, THE BURDEN OF PROOF IN THIS CASE, BY A

PREPONDERANCE OF THE EVIDENCE, AND OTHER

CONCEPTS.

ALL OF THESE PRINCIPLES CONTINUE TO APPLY TO

THIS PORTION OF THE CASE AND TO YOUR DETERMINATION

OF THE ISSUES BEFORE YOU.  A COPY OF THOSE PORTIONS

OF THE FINAL JURY INSTRUCTIONS HAVE BEEN PROVIDED

TO YOU AND WILL HAVE THEM DURING YOUR

DELIBERATION.

I WILL NOW INSTRUCT YOU ON THE SUBSTANTIVE LAW

TO BE APPLIED IN THIS PORTION OF TRIAL, DEALING WITH

DAMAGES.

**DAMAGES GENERALLY**

FIRST, THE FACT THAT I AM INSTRUCTING YOU ABOUT

DAMAGES DOES NOT IMPLY ANY OPINION ON MY PART AS

TO WHETHER DAMAGES SHOULD BE AWARDED.

BECAUSE YOU FOUND THAT ONE OR MORE OF THE

DEFENDANTS ARE LIABLE TO THE PLAINTIFF, YOU MUST

THEN FIND AN AMOUNT OF MONEY DAMAGES YOU BELIEVE

WILL FAIRLY AND ADEQUATELY COMPENSATE THE

PLAINTIFF FOR ALL THE PHYSICAL AND FINANCIAL INJURY SHE HAS SUSTAINED AS A RESULT OF THE OCCURRENCE. THE AMOUNT YOU AWARD TODAY MUST COMPENSATE THE PLAINTIFF COMPLETELY FOR DAMAGES SUSTAINED.

**DAMAGES IN WRONGFUL DEATH AND SURVIVAL ACTIONS**

WHEN A PERSON DIES, THE DAMAGES THEY WOULD HAVE BEEN ENTITLED TO GO TO THEIR ESTATE OR SURVIVORS. THE ESTATE AND SURVIVORS ARE JUST AS ENTITLED TO THESE DAMAGES AS THE DECEASED PERSON WOULD HAVE BEEN HAD HE SURVIVED.

THE PLAINTIFF, AS THE ADMINISTRATRIX OF THE ESTATE OF THE DECEDENT, CLAIMS DAMAGES UNDER THE WRONGFUL DEATH ACT AND THE SURVIVAL ACT. SHE IS ENTITLED TO MAKE CLAIM UNDER BOTH ACTS, BUT THE DAMAGES MUST NOT OVERLAP OR DUPLICATE THEMSELVES.

**WRONGFUL DEATH ACT**

UNDER THE WRONGFUL DEATH ACT, THE DAMAGES RECOVERABLE BY THE PLAINTIFF ARE AS FOLLOWS:

1.     THE PLAINTIFF IS ENTITLED TO BE AWARDED AN AMOUNT THAT WILL COVER ALL HOSPITAL, MEDICAL, FUNERAL, BURIAL, AND ESTATE ADMINISTRATION EXPENSES INCURRED.  IT HAS BEEN STIPULATED THAT THESE EXPENSES AMOUNT TO $6,490.00.

2.     THE PLAINTIFF IS ENTITLED TO BE AWARDED AN AMOUNT THAT WILL FAIRLY AND ADEQUATELY COMPENSATE THE FAMILY OF THE DECEDENT RODNEY SHROPSHIRE'S WIFE, CHILDREN, ETC. FOR THEIR LOSS OF ANY CONTRIBUTIONS THEY WOULD HAVE RECEIVED BETWEEN THE TIME OF THE DEATH OF THE DECEDENT AND TODAY.  THIS INCLUDES ALL AMOUNTS OF MONEY THAT THE DECEDENT WOULD HAVE SPENT FOR OR GIVEN TO HIS FAMILY FOR SUCH ITEMS AS SHELTER, FOOD, CLOTHING,

MEDICAL CARE, EDUCATION, ENTERTAINMENT, GIFTS, AND
RECREATION.

3.     THE PLAINTIFF IS ENTITLED TO BE AWARDED THE
VALUE OF ALL SUMS THAT THE DECEDENT WOULD HAVE
CONTRIBUTED TO THE SUPPORT OF HIS FAMILY BETWEEN
TODAY AND THE END OF HIS LIFE EXPECTANCY.

4.     IN ADDITION TO THE MONETARY CONTRIBUTIONS
THAT THE DECEDENT WOULD HAVE CONTRIBUTED TO HIS
FAMILY'S SUPPORT, THE PLAINTIFF IS ENTITLED TO BE
AWARDED A SUM THAT WILL FAIRLY AND ADEQUATELY
COMPENSATE HIS FAMILY FOR THE MONETARY VALUE OF
THE SERVICES, SOCIETY, AND COMFORT THAT HE WOULD
HAVE GIVEN TO HIS FAMILY HAD HE LIVED, INCLUDING
SUCH ELEMENTS AS WORK AROUND THE HOME, PROVISION
OF PHYSICAL COMFORTS AND SERVICES, AND PROVISION OF
SOCIETY AND COMFORT.

5.    THE PLAINTIFF, ON BEHALF OF THE SURVIVING CHILDREN, IS ENTITLED TO BE AWARDED AN AMOUNT THAT WILL FAIRLY COMPENSATE FOR THE LOSS OF THE SERVICES THAT THE DECEDENT AS A FATHER WOULD HAVE CONTRIBUTED TO HIS CHILDREN.  IT WILL BE YOUR DUTY TO CONSIDER THE MONETARY VALUE OF SUCH SERVICES AS GUIDANCE, TUTELAGE, AND MORAL UPBRINGING THAT YOU BELIEVE THE CHILDREN WOULD HAVE RECEIVED, UP TO THE TIME YOU BELIEVE SUCH SERVICES WOULD HAVE BEEN PROVIDED, HAD THE DEATH NOT OCCURRED.

**THE SURVIVAL ACT**

UNDER THE SURVIVAL ACT, THE DAMAGES RECOVERABLE BY THE PLAINTIFF ARE AS FOLLOWS:

1.    THE PLAINTIFF IS ENTITLED TO BE AWARDED THE TOTAL NET AMOUNT THAT THE DECEDENT WOULD HAVE EARNED BETWEEN THE DATE OF HIS DEATH AND TODAY. NET EARNINGS ARE DECIDED AS FOLLOWS: YOU MUST

FIRST CALCULATE THE TOTAL AMOUNT OF THE DECE-

DENT'S GROSS EARNINGS, INCLUDING THE FRINGE

BENEFITS, BETWEEN THE DATE OF DEATH AND TODAY;

FROM THIS AMOUNT, YOU DEDUCT THE AMOUNT OF

MONETARY CONTRIBUTIONS HE WOULD HAVE MADE TO HIS

FAMILY DURING THIS PERIOD (WHICH YOU HAVE ALREADY

AWARDED TO THE PLAINTIFF UNDER THE WRONGFUL

DEATH ACT) AND THE AMOUNT OF MONEY THAT THE

DECEDENT WOULD HAVE SPENT ON HIMSELF FOR HIS

PERSONAL MAINTENANCE DURING THIS PERIOD.  THE

PROBABLE COST OF PERSONAL MAINTENANCE INCLUDES

ONLY THE NECESSARY AND ECONOMICAL LIVING

EXPENSES, SUCH AS FOOD, SHELTER, AND CLOTHING, THAT

THE DECEDENT WOULD HAVE BEEN REQUIRED TO SPEND IN

ORDER TO MAINTAIN LIFE DURING THIS PERIOD.

    2.    THE PLAINTIFF IS ENTITLED TO BE AWARDED THE

VALUE OF THE NET AMOUNT THAT THE DECEDENT WOULD

HAVE EARNED BETWEEN TODAY AND THE END OF HIS LIFE EXPECTANCY. AGAIN, NET EARNINGS FOR THIS PERIOD ARE DECIDED AS FOLLOWS: YOU MUST FIRST CALCULATE THE TOTAL AMOUNT OF THE DECEDENT'S GROSS EARNINGS BETWEEN TODAY AND THE END OF HIS LIFE EXPECTANCY; FROM THIS AMOUNT YOU MUST DEDUCT THE PROBABLE COST OF HIS NECESSARY AND ECONOMICAL LIVING EXPENSES REQUIRED TO SUSTAIN LIFE DURING THIS PERIOD [TOGETHER WITH THE AMOUNT OF MONETARY CONTRIBUTIONS HE WOULD HAVE MADE TO HIS FAMILY DURING THIS PERIOD (WHICH YOU HAVE ALREADY AWARDED UNDER THE WRONGFUL DEATH ACT)]. YOUR AWARD TO THE ESTATE FOR TOTAL LOST FUTURE NET EARNINGS THUS REPRESENTS THE TOTAL NET EARNINGS OVER THE DECEDENT'S WORK LIFE EXPECTANCY.

3.    THE PLAINTIFF IS ENTITLED TO BE AWARDED AN AMOUNT THAT YOU BELIEVE WILL FAIRLY AND

ADEQUATELY COMPENSATE FOR THE MENTAL AND PHYSICAL PAIN, SUFFERING, AND INCONVENIENCE AND LOSS OF LIFE'S PLEASURES THAT THE DECEDENT ENDURED FROM THE MOMENT OF HIS INJURY TO THE MOMENT OF HIS DEATH AS A RESULT OF THIS ACCIDENT.

**CALCULATION OF DAMAGES FOR WRONGFUL DEATH AND SURVIVOR ACTIONS**

YOU ARE TO ADD EACH OF THESE ITEMS OF DAMAGES TOGETHER IN ITS PROPER CATEGORY AND RETURN YOUR VERDICT IN TWO LUMP SUM AMOUNTS, ONE UNDER THE WRONGFUL DEATH ACT AND THE SECOND UNDER THE SURVIVAL ACT. A SPACE HAS BEEN PROVIDED ON YOUR VERDICT FORM FOR EACH CATEGORY AND THE TOTAL FOR EACH ACT.

**DAMAGES LIFE-EXPECTANCY**

IN ORDER TO DECIDE THE DAMAGES RECOVERABLE IN THIS CASE, YOU MUST FIRST DECIDE THE NUMBER OF YEARS THE DECEDENT WOULD HAVE LIVED HAD HE NOT

DIED AS A RESULT OF THIS ACCIDENT.  ACCORDING TO STATISTICS COMPILED BY THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, THE AVERAGE LIFE EXPECTANCY OF ALL PERSONS OF THE PLAINTIFF'S AGE AT THE TIME OF ACCIDENT, SEX, AND RACE WAS 39.7 YEARS.  THIS FIGURE IS OFFERED TO YOU ONLY AS A GUIDE, AND YOU ARE NOT BOUND TO ACCEPT IT IF YOU BELIEVE THAT THE PLAINTIFF WOULD HAVE LIVED LONGER OR LESS THAN THE AVERAGE INDIVIDUAL IN HIS CATEGORY.  IN REACHING THIS DECISION, YOU ARE TO CONSIDER THE PLAINTIFF'S HEALTH PRIOR TO THE ACCIDENT, HIS MANNER OF LIVING, HIS PERSONAL HABITS, AND OTHER FACTORS THAT MAY HAVE AFFECTED THE DURATION OF HIS LIFE.

## FUTURE LOSS OF EARNINGS AND LOST EARNING CAPACITY

THE PLAINTIFF IS ENTITLED TO BE COMPENSATED FOR ANY LOSS OR REDUCTION OF FUTURE EARNING CAPACITY THAT WILL RESULT FROM THE HARM SUSTAINED.

IN ORDER TO DECIDE THIS AMOUNT, CONTAINED IN QUESTION 2, YOU MUST FIRST DECIDE:

1.  THE TOTAL AMOUNTS THAT THE PLAINTIFF WOULD HAVE EARNED DURING HIS LIFE EXPECTANCY IF THE INJURY HAD NOT OCCURRED; AND YOU MUST DECIDE

2.  THE TOTAL AMOUNTS THAT THE PLAINTIFF PROBABLY WILL BE ABLE TO EARN DURING HIS LIFE EXPECTANCY.

THE DIFFERENCE BETWEEN THESE TWO AMOUNTS IS THE PLAINTIFF'S LOSS OF FUTURE EARNING CAPACITY DUE TO THE INJURY.

THE FACTORS THAT YOU SHOULD CONSIDER IN
DETERMINING THESE AMOUNTS ARE:

1.  THE TYPE OF WORK THAT THE PLAINTIFF HAS
    DONE IN THE PAST OR WAS CAPABLE OF DOING;

2.  THE TYPE OF WORK, IN VIEW OF THE PLAINTIFF'S
    PHYSICAL CONDITION, EDUCATION, EXPERIENCE,
    AND AGE, THAT THE PLAINTIFF WOULD HAVE
    BEEN DOING IN THE FUTURE HAD THE HARM NOT
    BEEN SUSTAINED;

3.  THE TYPE OF WORK, BASED UPON THE
    PLAINTIFF'S PHYSICAL CONDITION, EDUCATION,
    EXPERIENCE, AND AGE, THAT THE PLAINTIFF
    WILL PROBABLY BE ABLE TO DO IN THE FUTURE,
    HAVING SUSTAINED THE INJURY;

4.  THE EXTENT AND DURATION OF THE PLAINTIFF'S
    HARM; AND

5.   ANY OTHER MATTERS IN EVIDENCE THAT YOU

FIND TO BE REASONABLY RELEVANT TO THIS

QUESTION.

THE AMOUNT OF LOST FUTURE EARNING CAPACITY

SHOULD BE EXPRESSED BY YOU IN A DOLLAR AMOUNT.

**MENTAL SUFFERING**

QUESTION 2(C) ON THE VERDICT FORM PERTAINS TO

MENTAL SUFFERING.  MENTAL SUFFERING IS A LEGITIMATE

ELEMENT OF DAMAGES WHERE DECEDENT SUSTAINED

BODILY TRAUMA ACCOMPANIED BY FRIGHT AND MENTAL

SUFFERING DIRECTLY TRACEABLE TO PERIL IN WHICH THE

NEGLIGENCE PLACED HIM.

**PUNITIVE DAMAGES: GENERAL INSTRUCTIONS**

IF YOU FIND THAT THE CONDUCT OF ANY DEFENDANT

WAS OUTRAGEOUS, YOU MAY AWARD PUNITIVE DAMAGES,

AS WELL AS ANY COMPENSATORY DAMAGES, IN ORDER TO

PUNISH THE DEFENDANT FOR THEIR CONDUCT AND TO

DETER THE DEFENDANT AND OTHERS FROM COMMITTING
SIMILAR ACTS.

A PERSON'S CONDUCT IS OUTRAGEOUS WHEN IT IS
MALICIOUS, WANTON, WILLFUL, OR OPPRESSIVE, OR SHOWS
RECKLESS INDIFFERENCE TO THE INTERESTS OF OTHERS.
ACTIONS THAT SUPPORT AN AWARD OF PUNITIVE DAMAGES
MAY BE OUTRAGEOUS BECAUSE OF THE DEFENDANT'S EVIL
MOTIVE OR RECKLESS INDIFFERENCE TO THE RIGHTS OF
OTHERS.

TO ESTABLISH A CLAIM FOR PUNITIVE DAMAGES,
PLAINTIFF MUST DEMONSTRATE THAT: (1) A DEFENDANT
HAD A SUBJECTIVE APPRECIATION OF THE RISK OF HARM
TO WHICH THE PLAINTIFF WAS EXPOSED AND THAT (2) HE
ACTED, OR FAILED TO ACT IN CONSCIOUS DISREGARD OF
THAT RISK.  YOU MUST DECIDE WHETHER TO ASSESS
PUNITIVE DAMAGES AS TO EACH DEFENDANT BASED ON
HIS/ITS OWN ACTIONS.

**WANTON DEFINED**

I USED THE TERM "WANTON".   WANTON CONDUCT REQUIRES AN ACTOR TO DISREGARD EITHER A RISK THAT IS KNOWN OR ONE THAT IS SO OBVIOUS HE MUST BE TAKEN TO HAVE BEEN AWARE OF IT, AND THE RISK IS SO GREAT AS TO MAKE IT HIGHLY PROBABLY THAT HARM WOULD FOLLOW.

**PUNITIVE DAMAGES AGAINST A PRINCIPLE**

PENNSYLVANIA LAW DOES NOT REQUIRE AN AGENT TO COMMIT A TORTIOUS ACT AT THE DIRECTION OF THE PRINCIPAL, NOR MUST THE PRINCIPAL RATIFY THE ACT, IN ORDER FOR PUNITIVE DAMAGES TO BE IMPOSED ON HIM.  IN OTHER WORDS, YOU MAY ASSESS PUNITIVE DAMAGES AGAINST A DEFENDANT COMPANY FOR THE ACTIONS OF ITS EMPLOYEE OR "AGENT" EVEN IF THE AGENT WAS NOT

DIRECTED BY THE COMPANY AND THE COMPANY DIDN'T
APPROVE OF THE AGENT'S ACTIONS.

**PUNITIVE DAMAGES AGAINST EURO-TRANS**

YOU MAY AWARD PUNITIVE DAMAGES AGAINST EURO-
TRANS, INC., IF YOU FIND THAT THE ACTIONS OF LANCE
SHANEYFELT,

FIRST, WERE OUTRAGEOUS;

SECOND, OCCURRED DURING AND WITHIN THE SCOPE
OF LANCE SHANEYFELT'S DUTIES; AND

THIRD, WERE NOT COMMITTED TO SATISFY LANCE
SHANEYFELT'S PERSONAL ILL WILL OR MALICE, BUT
INSTEAD WERE COMMITTED WITH THE INTENT TO FURTHER
EURO-TRANS, INC.'S INTERESTS.

**PUNITIVE DAMAGES AGAINST DEFENDANT VOYAGE
EXPRESS**
YOU MAY ALSO AWARD PUNITIVE DAMAGES AGAINST
VOYAGE EXPRESS, INC., IF YOU FIND THAT THE ACTIONS OF
LANCE SHANEYFELT,

FIRST, WERE OUTRAGEOUS;

SECOND, OCCURRED DURING AND WITHIN THE SCOPE OF LANCE SHANEYFELT'S DUTIES; AND

THIRD, WERE NOT COMMITTED TO SATISFY LANCE SHANEYFELT'S PERSONAL ILL WILL OR MALICE, BUT INSTEAD WERE COMMITTED WITH THE INTENT TO FURTHER VOYAGE EXPRESS, INC.'S INTERESTS.

**PUNITIVE DAMAGES AGAINST DEFENDANT STEVE KASZAS**

YOU MAY ALSO AWARD PUNITIVE DAMAGES AGAINST STEVE KASZAS IF YOU FIND THAT THE ACTIONS OF LANCE SHANEYFELT,

FIRST, WERE OUTRAGEOUS;

SECOND, OCCURRED DURING AND WITHIN THE SCOPE OF LANCE SHANEYFELT'S DUTIES; AND

THIRD, WERE NOT COMMITTED TO SATISFY LANCE SHANEYFELT'S PERSONAL ILL WILL OR MALICE, BUT

INSTEAD WERE COMMITTED WITH THE INTENT TO FURTHER

STEVE KASZAS' INTERESTS.

**PUNITIVE DAMAGES AGAINST DEFENDANT TQL**

YOU MAY ALSO AWARD PUNITIVE DAMAGES AGAINST

TQL IF YOU FIND THAT THE ACTIONS OF EURO-TRANS, INC.,

<u>FIRST</u>, WERE OUTRAGEOUS;

<u>SECOND</u>, OCCURRED DURING AND WITHIN THE SCOPE

OF EURO-TRANS, INC.'S DUTIES; AND

<u>THIRD</u>, WERE NOT COMMITTED TO SATISFY EURO-

TRANS, INC.'S PERSONAL ILL WILL OR MALICE, BUT

INSTEAD WERE COMMITTED WITH THE INTENT TO FURTHER

TQL'S INTERESTS.

**PUNITIVE DAMAGES - AMOUNT OF AWARD**

IF YOU DECIDE THAT THE PLAINTIFF IS ENTITLED TO

AN AWARD OF PUNITIVE DAMAGES, IT IS YOUR JOB TO FIX

THE AMOUNT OF SUCH DAMAGES. IN DOING SO, YOU MAY

CONSIDER ANY OR ALL OF THE FOLLOWING FACTORS:

1.    THE CHARACTER OF THE DEFENDANTS' ACTS;

2.    THE NATURE AND EXTENT OF THE HARM TO THE PLAINTIFF THAT THE DEFENDANT CAUSED OR INTENDED TO CAUSE; IN THIS REGARD YOU MAY INCLUDE THE PLAINTIFF'S TROUBLE AND EXPENSE IN SEEKING TO PROTECT HER INTERESTS IN LEGAL PROCEEDINGS AND IN THIS SUIT; AND

3.    THE WEALTH OF THE DEFENDANT INSOFAR AS IT IS RELEVANT IN FIXING AN AMOUNT THAT WILL PUNISH THEM, AND DETER THEM AND OTHERS FROM LIKE CONDUCT IN THE FUTURE.

IT IS NOT NECESSARY THAT YOU AWARD COMPENSATORY DAMAGES TO THE PLAINTIFF IN ORDER TO ASSESS PUNITIVE DAMAGES AGAINST THE DEFENDANT, AS LONG AS YOU FIND IN FAVOR OF THE PLAINTIFF AND AGAINST THE DEFENDANT ON THE QUESTION OF LIABILITY.

YOU MUST DECIDE WHETHER PUNITIVE DAMAGES ARE TO BE ASSESSED AGAINST EACH DEFENDANT BY THAT DEFENDANT'S CONDUCT ALONE, AND THE AMOUNT OF ANY PUNITIVE DAMAGES ASSESSED MUST BE MEASURED BY YOUR CONSIDERATION OF THE FACTORS I HAVE LISTED AS THEY APPLY TO EACH PARTICULAR DEFENDANT. WHILE YOU WILL RETURN YOUR AWARD OF COMPENSATORY DAMAGES, IF ANY, IN ONE LUMP SUM AMOUNT AS TO ALL DEFENDANTS, YOU MUST RETURN A SEPARATE VERDICT AS TO PUNITIVE DAMAGES, IF ANY, AGAINST EACH OF THE DEFENDANTS.

THE AMOUNT OF PUNITIVE DAMAGES AWARDED MUST NOT BE THE RESULT OF PASSION OR PREJUDICE AGAINST THE DEFENDANT ON THE PART OF THE JURY. THE SOLE PURPOSE OF PUNITIVE DAMAGES IS TO PUNISH THE DEFENDANT'S OUTRAGEOUS CONDUCT AND TO DETER THE DEFENDANT AND OTHERS FROM SIMILAR ACTS.

## PUNITIVE DAMAGES UNDER THE SURVIVAL ACT

PUNITIVE DAMAGES MAY NOT BE AWARDED AGAINST A DEFENDANT UNDER THE WRONGFUL DEATH ACT. HOWEVER, PUNITIVE DAMAGES MAY BE AWARDED UNDER THE SURVIVAL ACT. YOU MAY THEREFORE MAKE AN AWARD OF PUNITIVE DAMAGES AGAINST A DEFENDANT UNDER THE SURVIVAL ACT IN ACCORDANCE WITH THE INSTRUCTIONS I HAVE JUST GIVEN YOU ON AWARDING PUNITIVE DAMAGES. YOU MUST RETURN A SEPARATE VERDICT OF PUNITIVE DAMAGES, IF ANY, UNDER THE SURVIVAL ACT AND IT SHOULD NOT BE ADDED TO THE OTHER AMOUNTS YOU AWARD, IF ANY, BY WAY OF COMPENSATORY DAMAGES.

## PROCESS OF JURY DELIBERATION

AS I PREVIOUSLY INSTRUCTED YOU IN PHASES ONE AND TWO OF THIS TRIAL, YOUR VERDICT MUST BE UNANIMOUS AND REPRESENT THE CONSIDERED JUDGMENT

OF EACH JUROR.  PLEASE KEEP IN MIND THE PREVIOUS

INSTRUCTIONS I GAVE YOU AS YOU CONDUCT YOUR

DELIBERATIONS.

[Re-swear Bailiff and send jury out]